NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARISELA RODRIGUEZ
RAMOS; K.R.R.; VALENTE
RODRIGUEZ RAMOS; ISABEL
SALAZAR GONZALEZ; F.R.S.,

            Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 23-1683

Agency Nos.
A202-158-416
A202-158-417
A202-157-717
A202-157-718
A202-157-719

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Petitioners Marisela Rodriguez Ramos, Valente Rodriguez Ramos, K.R.R.,

Isabel Salazar Gonzalez, and F.R.S. (collectively, "Petitioners") are family

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

members who are natives and citizens of Mexico. Petitioners seek review of a dismissal of their appeal from the Board of Immigration Appeals ("BIA"). An immigration judge ("IJ") denied their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and "also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (cleaned up). We review legal questions de novo and factual findings for substantial evidence. *See Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1444 (9th Cir. 1994). The agency's factual findings about whether an applicant was persecuted on account of a protected ground are also reviewed for substantial evidence. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021).

1. Substantial evidence supports the IJ and BIA's denial of asylum and withholding of removal due to a lack of nexus between the particular social group ("PSG") of family membership and the incidents that Petitioners experienced. Petitioners testified that the men who attacked them were specifically "asking for someone named Manuel" and "believed that [Petitioners] were hiding him . . . . [b]ecause they saw him running in the direction of [Petitioners'] house." There was no indication that the men specifically targeted Petitioners because they

were family members. As the IJ highlights, "whoever had lived in that house . . . would have met the same fate," even if none of them were related. Similarly, there is no indication that any of the other incidents that Petitioners experienced were due to their family membership.

2. The evidence does not compel the conclusion that Petitioners will more likely than not be tortured if removed to Mexico. Petitioners' testimony highlights that the incidents are largely unconnected, besides the 2009 attack and the gas station encounter. Plaintiffs fail to demonstrate "any particularized risk of torture . . . higher than that faced by all Mexican citizens." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022). Petitioners' other family members, including Marisela and Valente's sisters and mother, have lived in Mexico without being threatened for years. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023) (finding fear of torture "entirely speculative and unsupported" where petitioner's family had lived "without issue" in the petitioner's native country after the petitioner's departure). Petitioners also failed to establish that their fear of similar future treatment would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (cleaned up).

**PETITION DENIED.**

3